IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

VS.                             CASE NO. 4:02-cr-40014

QUINCY RICHARD                                                              DEFENDANT

**ORDER**

Before the Court is a Motion for Reconsideration (ECF No. 51) and a Motion for Leave to File Supplement (ECF No. 52) filed on behalf of Defendant Quincy Richard. The Government has not responded and the time do so has passed. The Court finds this matter ripe for consideration.

On August 12, 2002, Defendant was charged with possession with intent to distribute cocaine. After pleading guilty to the offense, Defendant was sentenced on October 8, 2003 to 188 months of imprisonment to be followed by five years of supervised release. On September 7, 2011, Defendant filed a Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 36). The Court appointed counsel to represent Defendant in arguing the motion. (ECF Nos. 39-40). On March 8, 2012, the Court denied Defendant's motion. Defendant appealed the order (ECF No. 45) and on May 29, 2012, the Eighth Circuit summarily affirmed. (ECF No. 50). On May 31, 2013, over one year later, Defendant filed the present Motion for Reconsideration asking the Court to reconsider its March 8, 2012 order denying his Motion for Modification of Sentence. Defendant makes the same arguments he made in his original Motion for Modification and, in addition, points the Court to a recent Sixth Circuit

1

decision, *United States v. Blewett*, 719 F.3d 482, 488 (6th Cir. 2013), *reh'g en banc granted, opinion vacated* (July 11, 2013). Over two months after filing his Motion to Reconsider, Defendant filed a Motion for Leave to File Supplement asking permission to supplement his motion to reconsider with new case law from the D.C. Circuit.

Neither the Federal Rules of Criminal Procedure nor the Federal Rules of Appellate Procedure provide for a "motion to reconsider," but the courts have created a common-law exception recognizing motions to reconsider in criminal cases under the *Healy* doctrine. *See United States v. Healy*, 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964). "Absent a rule specifying the time in which a motion for rehearing or reconsideration must be filed, a petition for rehearing in a criminal case would be considered timely when filed within the original period for review." *United States v. Johnson*, 980 F.2d 1212 (8th Cir. 1992) (internal quotations omitted). *See also United States v. Surratt*, 2013 WL 4052635 at *2 (D. Minn. Aug. 9, 2013); *United States v. Randall*, 666 F.3d 1238, 1243 (10th Cir. 2011) (holding that a motion to reconsider a § 3582(c)(2) order must be filed in the same time frame as an appeal, within 14 days after the order is issued); *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010) (holding that a motion to reconsider a § 3582(c)(2) order was untimely when filed eight months after the district court's denial of the original motion).

Because Defendant filed these motions after the time for filing a notice of appeal and over a year after the Eighth Circuit had already ruled on his appeal, the motions are clearly untimely. Accordingly, the motions (ECF Nos. 51-52) should be and hereby are **DENIED**.[1]

---

[1] Additionally, the Court finds nothing in Defendant's pleadings to suggest that there is any merit to his arguments. While there have been recent developments regarding the retroactivity of the Fair Sentencing Act, namely *Dorsey v. United States*, 132 S. Ct. 2321, 2335, 183 L. Ed. 2d 250 (2012), these development do not appear to have any bearing on Defendant's sentence. First, Defendant was sentenced pursuant to the career offender provisions of U.S.S.G. § 4B1.1. Accordingly, Amendment 750, which lowered the base offense level within U.S.S.G. § 2D1.1, does not appear to apply to Defendant. Second, Defendant was sentenced prior to the Fair Sentencing Act going

**IT IS SO ORDERED**, this 24th day of February, 2014.

                                                   /s/ Harry F. Barnes
                                                 Harry F. Barnes
                                                 Senior United States District Judge

---

into effect. The Supreme Court has held that the more lenient provisions of the FSA do not apply to offenders who were sentenced prior to the FSA's effective date of August 3, 2010. *Id*.